Pearson, C. J.
 

 The plaintiffs, who are the next of kin of Mrs. Chalmers, put their right, on the ground, that they are entitled, as purchasers, under the description of “ her legal representatives,” contained in the limitation of the deed of marriage settlement.
 

 The Court is of opinion that the limitation, under which the plaintiffs claim, was subject to the contingency, that Mrs. Chalmers should survive her husband, and as she died first, it never took effect.
 

 This deed differs from the marriage settlements that are usually executed, in several respects: There is no express restriction upon the husband’s
 
 ñglú jure mariti, in
 
 case he survives J. nor any restriction upon the wife’s right to dower and a distributive share of the husband’s estate, in case she survived; there is no absolute provision made for the children, of the marriage, if there should be any; and there is no separate estate reserved for the maintenance of the wife. These peculiarities lead to the the conclusion, that it was the intention, if the husband survived, that he should take all; and if the wife survived, she should not be restricted to her dower and distributive share, including a part of these slaves, but should, in addition to her dower in his estate, have an absolute estate in
 
 all these slaves,
 
 if she
 
 requested
 
 the. trustee-to. convey them to her. In default of such request, at her death, the trustees were to convey: the slaves to her. child
 
 *271
 
 or children, and if there should be no child - or- children, the ¡trustees were to convey to her legal representatives — these' dhree limitations, i. e., to her absolutely, rf she requested — if not, to her child or children, and if no child or children; toller legal representatives, being all equally subject.to the contingency of her surviving her husband.
 

 This general view is supported, and in fact, is required-by the grammatical and literal construction of the words. The limitation to her, of the absolute estate, if she request it, is expressly subject to the contingency of her surviving; the limitation to the children is connected with, and made to depend on that to her by the alternative, “ if she should die without making such request,” and is thus made subject-loth e same contingency ; and the limitation to her legal'repre1sentatives is connected with, and made to depend on that to the children, by the alternative, “if she should die leaving no child or children,” and is thus made subject to the same1 contingency. So, that both, in a general and a particular point of view, these three limitations are connected together, and made subject to the contingency of her surviving her husband-; and the deed being silent as to what is to become of the-property in the event of the husband’s surviving, it is left, to devolve upon
 
 him jure mariti.
 

 This construction is objected to, because it leaves the issue ,of the marriage unprovided for, which is usually a prominent object in marriage settlements. That is true, but it-results,. mot from the construction, but from the deed itself, which,manifestly does not make the issue of the marriage a prominent-, object of care. There is no provision for children, except incidentally, and that is not confined to the issue of the marriage, but includes any child of Mrs. Chalmers, and is made •to depend upon the contingency of her not requesting the •trustees to convey to her. the-absolute estate; and her right to make such request, is made to depend upon- her being the survivor. So that, any construction compelling a provision • for the issue of the marrriage, would, manifestly, do -violence to the terms of -he deed, and- our construction commends, it
 
 *272
 
 self as the true one, by the fact., that it harmonises with the deed, in-not making the children prominent objects.
 

 It will be declared to be the opinion of the Court, that the plaintiffs are not entitled to the slaves claimed by them, and the bill will be dismissed with costs.
 

 Pejs Curiam, Decree accordingly.